IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

UNITED STATES OF AMERICA,

                    Plaintiff,                 Case No. 3:05 CR 763

      -vs-

                                       MEMORANDUM  OPINION
JOSEPH D. WEISBERG,                   AND  ORDER

                    Defendant.

KATZ, J.

Pending before the Court is the Magistrate Judge's Report and Recommendation in this criminal case (Doc. No. 16) as to which Defendant has filed objections and the Government a response to those objections.

When a magistrate judge's finding is challenged in district court, the district court shall apply a "clearly erroneous or contrary to law" standard of review for "nondispositive" preliminary matters, while "dispositive motions" are governed by the *de novo* standard. 28 U.S.C.A. § 636(b)(1)(A, B). *United States v. Curtis,* 237 F.3d 598, 603 (6th Cir. 2001). In this instance, because the motion would be dispositive of a portion of the indictment, the Court has conducted a *de novo* review. For the following reasons, the Court will adopt the Magistrate Judge's Report and Recommendation filed December 2, 2005 and will overrule the objections of the Defendant.

**BACKGROUND**

In a single count indictment filed on July 6, 2005 the Government charges the Defendant, a practicing attorney, with willfully attempting to evade and defeat the payment of $321,654 in individual income taxes for 8 calendar years commencing in 1989 and ending in 2001, all in

violation of 26 U.S.C. § 7201. The indictment alleges that the Defendant deposited and maintained

personal funds in his client trust account to conceal and attempt to conceal the location and extent of

his personal assets and to place his personal funds beyond the reach of the IRS collection

process/levy.

Defendant has filed a motion to strike tax years 1989 through 1992 and the corresponding

tax liabilities with respect thereto from paragraph 10 of the indictment. The Magistrate Judge's

recommendation to this Court is that the motion to strike be overruled. The Court will not here

reiterate the totality of arguments put forth by the Defendant in support of his motion; suffice to say

that the parties and the Magistrate Judge treated the motion as one seeking to strike surplusage from

the indictment pursuant to Federal R. Crim. Proc. 7(d).

The issues Defendant raises in support of his motion to strike, as surplusage, tax evasion

charges relating to calendar years 1989 through 1992, inclusive, include: 1) whether the Government

impermissibly charged multiple years of tax evasion in a single count indictment; 2) if so, should the

surplus years charged on the corresponding tax liabilities be stricken from the indictment; and 3)

whether the statute of limitations expired prior to indictment.

**ANALYSIS**

In this case the indictment charges that the Defendant willfully evaded payment of individual

federal income taxes for the eight years of 1989 through 1992, 1997 through 1999 and 2001. The

parties and the Magistrate Judge are in agreement that multiple years of tax evasion are permitted to

be charged in a single count "if those acts could be characterized as part of a single, continuing

scheme." *United States v. Shorter,* 809 F.2D 54, 48 (D.C. Cir. 1987), *cert. denied.* 108 S. Ct. 71

(1987). Relying on *Shorter,* Defendant urges the Court to find that the present indictment fails to

allege that the Defendant committed any affirmative acts during several of the years which the

Government included as part of a single charge.  The Government responds that when the Defendant

began the continuing scheme to hide his income and assets from the IRS in 1997, he owed taxes for

earlier years (some of which were under an extended payment agreement with the IRS) and he

intended that those acts would help him evade payment of taxes due from those earlier years as well

as evade payment of taxes due for the years in which he committed such acts.  Various acts of tax

evasion or scheme to evade are cited by the Government and by the Magistrate Judge in her Report

& Recommendation.  Suffice to say whether the Defendant intended the alleged acts of evasion from

March 1997 to December 2002 would assist him in evading payment of taxes due for earlier as well

as subsequent years presents an issue which the ultimate trier of fact must determine.  Consequently,

the issue of whether the alleged scheme constitutes a continuing course of conduct was held by the

Magistrate Judge to militate against dismissal at this stage of the case.

  Likewise, the Magistrate Judge recommended that the Court reject Defendant's assertions

that the six year criminal statute of limitations ran prior to indictment and that public policy

precludes the inclusion of the challenged tax years and the taxes therefore as part of a single count

indictment because the taxes had become uncollectible as a result of the expiration of the civil statute

of limitations.  Clearly, the criminal statute of limitations for tax evasion is six years and begins to

run on the date of the last affirmative act to evade.  *United States v. Dandy* 998 F.2d 1344, 1355 (6th

Cir. 1993), *cert. denied*, 114 S. Ct. 1188 (1994).  The indictment in this case alleges that the

affirmative acts to evade allegedly occurred during the period March 1, 1997 through December 5,

2002 and the Government contends that those acts relate back to taxes originally due in earlier years.

3

The affirmative acts to evade are set forth in the Report and Recommendation and clearly, at this stage of the proceedings, and subject to proof of Government assertions, relate to both the earlier and later tax years.  Accordingly, the Magistrate Judge recommends that the motion to strike based on the running of the criminal statute of limitations be overruled.  The Defendant has articulated a number of objections to the Report and Recommendation and the Government has responded in detail to each of those objections.  The Court has reviewed in depth the objections and the Government's position as to each, and must agree with the Magistrate Judge that the issues raised concerning whether there was a continuing course of conduct which would relate back as far as tax year 1989 is an issue to be determined by the trier of fact, thus defeating Defendant's motion to strike.  While sympathetic to Defendant's efforts to narrow the charges against him as contained in the indictment, at this stage of the case the Government's position supports the recommendation of the Magistrate Judge as to both the continuing course of conduct and criminal statute of limitations issues.

## CONCLUSION

Therefore, based upon the arguments of counsel for both the Government and the Defendant this Court concludes that the objections of Defendant to the Report and Recommendation of the Magistrate Judge should be and hereby are overruled.  The Court adopts the Report and Recommendation in full.   Defendant's motion to strike is denied.

IT IS SO ORDERED.

s/ *David A. Katz*
DAVID A. KATZ
U. S. DISTRICT JUDGE

4